Below is an order of the court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MARGER, JOHNSON AND McCOLLUM, PC,<br><br>             Debtor. | Bankruptcy Case<br>No. 20-30157-tmb7 |
| LIPT SW FIFTH AVENUE, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>     v.<br>MILLER NASH GRAHAM & DUNN LLP, an Oregon limited liability partnership; JULIE REED; ALEXANDER JOHNSON, Jr.; KEVIN ROSS; and JUSTIN WAGNER,<br><br>             Defendants. | Adv. Proc. No. 20-3043-tmb<br><br><br>OPINION RE MOTION TO REMAND[1] |

This matter came before the court on a Motion to Remand (the "Motion," ECF No. 15)

filed by plaintiff LIPT SW Fifth Avenue, LLC ("LIPT") in the above-referenced adversary

proceeding.  The court held a hearing on the Motion on June 2, 2020, at which it received oral

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases.  It may, however, be cited for whatever persuasive value it may have.

Page 1 – OPINON RE MOTION TO REMAND

argument. LIPT was represented by Paul C. Southwick and Joseph M. VanLeuven; defendant

Miller Nash Graham & Dunn LLP ("Miller Nash") was represented by Garrett S. Ledgerwood

and John F. Neupert; and defendants Julie Reed, Alexander Johnson, Jr., Kevin Ross, and Justin

Wagner (collectively, the "Individual Defendants") were represented by Brent G. Summers and

Alexander M. Naito. Shawn Ryan (counsel for Debtor) and trustee Rodolfo Camacho were also

present. At the conclusion of the June 2 hearing, I took the matter under advisement. Having

considered the written submissions and arguments of counsel, I now write to delivery my ruling.

For the reasons stated below, I will deny the Motion.

## I. Jurisdiction

I have jurisdiction to decide the Motion pursuant to 28 U.S.C. §§ 1334(b) and 1452(b).

## II. Analysis

The factual background of this dispute is set forth in my report and recommendation

(entered concurrently with this opinion) regarding LIPT's motion to withdraw the reference;

accordingly, I will not repeat those details here. As relevant to this Motion, in 2019 LIPT filed a

complaint against Miller Nash and the Individual Defendants in Multnomah County Circuit

Court (the "State Court Action"). Pursuant to 28 U.S.C. § 1452(a) and Federal Rule of

Bankruptcy Procedure 9027, Miller Nash removed the State Court Action to this court on April

15, 2020. ECF No. 1 ("Notice of Removal"). LIPT, through this Motion, seeks to remand the

State Court Action to state court under 28 U.S.C. § 1452(b).

Section 1452(b) allows a court to remand an action "on any equitable ground." The

parties to this proceeding agree that the standard governing a motion to remand is the multi-

factor test set forth in *Nilsen v. Neilson (In re Cedar Funding)*, 419 B.R. 807, 820, n.18 (9th Cir.

BAP 2009). The factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court
> recommends [remand or] abstention; (2) extent to which state law issues predominate
> over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of
> related proceeding commenced in state court or other nonbankruptcy proceeding; (5)
> jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of
> proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted
> core proceeding; (8) the feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with enforcement left to the

Page 2 – OPINON RE MOTION TO REMAND

bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Id.* (alteration in original). The *Cedar Funding* factors are non-exclusive, and courts frequently consider judicial economy and the effect of bifurcating proceedings as an additional factor. *See Machine Zone v. Peak Web (In re Peak Web)*, 559 B.R. 738, 741 (Bankr. D. Or. 2016).

As explained below, I conclude that the bulk of applicable factors weigh in favor of the bankruptcy court retaining this proceeding.

A.     Factors Favoring Remand

The following four *Cedar Funding* factors weigh in favor of remanding this proceeding to state court:

Jurisdictional basis other than § 1334. While this court has related-to jurisdiction under 28 U.S.C. § 1334(b), this factor asks whether there is an additional basis for jurisdiction. I am unable to identify an alternate theory of jurisdiction. Miller Nash suggests that there may be diversity jurisdiction under 28 U.S.C. § 1332, but it admits that it does not have sufficient evidence to establish diversity. Because it is Miller Nash's burden to come forward with such facts, the suggestion of diversity jurisdiction is unpersuasive. *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("It is clear that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists.").

Right to jury trial. The Individual Defendants note that LIPT and Debtor have apparently waived their rights to a jury trial under the terms of the governing lease documents. Yet the lease provides that the lessor and lessee "expressly waive trial by jury in any action or proceeding or counterclaim *brought by either party hereto against the other party* on any and every matter, directly or indirectly arising out of or with respect to this Lease." Ntc. of Removal, Exh. 1 at 471 (Lease § 32.9) (emphasis added). This language, by its own terms, applies only to the Debtor and LIPT. LIPT has demanded a jury trial in its claims against Miller Nash and the Individual Defendants (Ntc. of Removal, Exh. 1 at 20 (Amended Complaint)), and the defendants have not pointed to any authority suggesting that a jury trial is unavailable in such an

action. Therefore, assuming without deciding that LIPT is entitled to a jury trial on its claims against the non-debtor parties, this factor favors remand.

Presence of nondebtor parties. LIPT is a creditor of Debtor and has filed a proof of claim in the chapter 7 case. Defendants are all nondebtor parties, which means this factor weighs in favor of remand; nonetheless, I conclude that the weight accorded to this factor should be discounted because the nondebtor parties are the ones opposing remand based on the central role that bankruptcy issues play in resolving this dispute.

Comity. The legal concept of comity "implicates respect for the states and their laws and courts." *Peak Web*, 559 B.R. at 744. Because the Multnomah County Circuit Court has already invested time into this case (including issuing a ruling on a motion to dismiss) and is familiar with the issues, this factor favors remand.

B.      Factors Favoring Retention

The following six factors favor this court's retention of this proceeding:

Effect of remand on efficient administration of estate. Remand would delay administration of the chapter 7 estate for a variety of reasons. The Individual Defendants argue that LIPT's claims are property of the bankruptcy estate. Indiv. Def. Resp. (ECF No. 28) at 3-4. Without expressing any opinion on the ultimate merits of that argument, the Individual Defendants have raised a colorable claim, and the outcome of that argument will have a material impact on administration of the estate. In addition, LIPT holds the largest claim against the estate and (as explained in my analysis of the ninth *Cedar Funding* factor) having that claim resolved in Oregon state court at this particular point in time would almost certainly delay the trustee's administration of the estate and distributions to creditors. Finally, the trustee himself stated at the June 2 hearing that he prefers that this proceeding remain in this court. Accordingly, I hold that this factor weighs in favor of retention.

Difficult or unsettled nature of applicable law. This factor is admittedly a close call, but ultimately I believe it tips in favor of retention. LIPT's complaint and the defendants' affirmative defenses collectively implicate unsettled aspects of both state law and bankruptcy law. LIPT has made a claim of de facto merger, which is somewhat unsettled under Oregon law.

Page 4 – OPINON RE MOTION TO REMAND

At the same time, the defendants claim that any derivative liability they have for Debtor's obligations under the lease should be capped under § 502(b)(6) of the Bankruptcy Code—an argument which is also unsettled under applicable authority. The novel issues raised by these two arguments are somewhat in tension with each other as relevant to the *Cedar Funding* analysis. I believe that this factor should be resolved in favor of retention because even though the de facto merger claim is a creation of state law, Oregon courts have typically relied on the law of other jurisdictions when applying this doctrine. In particular, in the Multnomah County Circuit Court's ruling denying Miller Nash's motion to dismiss LIPT's de facto merger claim, citations to Oregon cases are outnumbered by citations to treatises, law review articles, and judicial rulings from other jurisdictions. *See* Ntc. of Removal, Exh. 1 at 651-656 (Opinion Re Miller Nash Graham & Dunn LLP's Motions against Pltf's Amend. Compl.). Accordingly, this court is in as good a position as an Oregon state court to resolve this unsettled area of law. In contrast, the unsettled nature of defendants' § 502(b)(6) defense implicates specialized issues of bankruptcy law that should be decided by a bankruptcy court. Accordingly, I find that this factor favors retention.

   Relatedness or remoteness of proceeding to main bankruptcy case. This proceeding is closely related to the main bankruptcy case for two reasons. First, LIPT's litigation appears to be the primary driver of Debtor's chapter 7 petition. Second, LIPT's complaint includes two claims (for fraudulent transfer and breach of fiduciary duty) that LIPT admits are property of the bankruptcy estate. Motion at 7. This factor therefore weighs in favor of retention.

   Feasibility of severing state law claims from core bankruptcy. LIPT suggests that this factor does not apply because the claims subject to the Motion are non-core. Motion at 8. I disagree, because the complaint contains *both* core and non-core claims. LIPT asks this court to sever the non-core claims (de facto merger and veil-piercing) and remand them to state court while retaining the core claims (fraudulent transfer and breach of fiduciary duty). This implicates the unenumerated ("fifteenth") factor often cited by courts considering motions to remand: the impact that bifurcation would have on judicial economy. *Peak Web*, 559 B.R. at 741. Here, all five claims in LIPT's complaint are based on the same operative facts and each

claim involves overlapping legal doctrines.  Bifurcating the claims between two different courts would simply result in a race to see which court could first enter a final judgment.  Such a two-track procedure would be inefficient and would risk inconsistent results.  Accordingly, this factor favors retention.

Burden on bankruptcy court's docket.  When bankruptcy courts rule on remand motions, this factor is often disposed of with a passing reference.  Given the unique events of the present day, however, this is an important factor in deciding this Motion—not just the state of the bankruptcy court's docket, but our docket *compared to* the state court docket.  Consistent with national trends, bankruptcy filings in this district are at historical lows (although everyone expects a spike in the near future).  While this court has modified its operations in response to the Covid-19 pandemic, cases and proceedings are still administered and adjudicated in an orderly fashion.  In contrast, Oregon state courts are just now emerging from a state of sharply reduced operations that lasted several months.  By order of the Oregon Chief Justice, state courts are directed to prioritize urgent matters such as criminal cases and civil matters where there is an imminent threat to life or property.  *In re Imposing Level 2 and Level 3 Restrictions on Court Operations*, Or. Chief Justice Order 20-016, ¶ 3 (May 15, 2020).[2]  In addition, the ability of Oregon courts to increase their operations is linked to the status of the county in which the court sits.  *See id.* ¶ 1.b.  Multnomah County is the last county in Oregon to progress to Phase One reopening, having achieved that step on June 19.  Press Release, Gov. Kate Brown, "Governor Kate Brown Announces Plans for Face Covering Requirement, Outlines Next Steps in County Reopening Process" (Jun. 17, 2020).[3]  The presiding judge of the Multnomah County Circuit Court has postponed non-urgent civil proceedings until at least July 20, 2020, citing staff furloughs and a "backlog of civil motion hearings postponed during Level 3 restrictions."  Mult.

---

[2] *Available at* https://www.osbar.org/_docs/resources/CJO20-016_Order-Imposing-Level-2-and-Level-3-Restrictions-on-Court-Operations.pdf.  Due to stay-at-home orders, most courts (including ours) and government agencies have conveyed pandemic-related operational updates via notices posted on official websites.  Pursuant to Federal Rule of Evidence 201(b)(2), I take judicial notice of the relevant announcements by the Oregon Chief Justice, Governor Brown, and the Multnomah County Circuit Court.

[3] *Available at* https://www.oregon.gov/newsroom/Pages/NewsDetail.aspx?newsid=36806.

Co. Presiding Judge Order 2001-00000 (Jun. 12, 2020) at 2.[4]  This proceeding does not fit within

any of the categories designated for priority during the current period of reduced operations.

Indeed, even within the universe of civil cases, there is not much urgent about this case, since the

landlord has already reclaimed the leased property, and the only remaining issue is adjudication

of damages.  While state courts retain some flexibility to conduct non-evidentiary motions

hearings in civil cases, the prolonged period of reduced operations has produced a backlog of

pending matters, and there is no reason to suspect that this case will receive priority as the

Multnomah County court ramps up its operations.  Accordingly, I find that this court's docket is

more conducive to a prompt resolution of this dispute than the state court's docket, thus favoring

retention.

       The likelihood that removal constitutes forum shopping.  At oral argument, LIPT

emphasized its belief that Miller Nash's removal of this proceeding was an exercise in forum

shopping.  I find that LIPT has not carried its burden of proving such allegations.  A finding of

forum shopping must be based on a litigant's intent.  *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d

689, 695 (9th Cir. 2009).  The Notice of Removal sets forth several rationales for removing this

matter to bankruptcy court, none of which are indicative of forum shopping.  Ntc. of Removal

¶¶ 14-17.  Indeed, Miller Nash's stated reasons for removal focus on prompt and efficient

adjudication of this dispute—a motivation that is definitely *not* forum shopping.  *R.R. Street &*

*Co. v. Transp. Ins. Co.*, 656 F.3d 966, 976 (9th Cir. 2011) (party that removes case to federal

court is not engaged in forum shopping when removal is done "not merely to seek a favorable

forum but also to seek a forum that could resolve all issues . . . in one comprehensive

proceeding."); *see also Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1080 (9th

Cir. 2000) (en banc) ("Congress intended to grant comprehensive jurisdiction to the bankruptcy

courts so that they might deal efficiently and expeditiously with all matters connected with the

bankruptcy estate." (*quoting Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (internal

quotation marks omitted)).  The primary evidence upon which LIPT relies to support its

---

[4] *Available at* https://www.courts.oregon.gov/courts/multnomah/Documents/PJO/
Order%20Re%20Civil%20Proceedings%20Under%20Level%202%20Restrictions.pdf.pdf.

allegation of forum shopping is timing: Miller Nash removed this case after the state court denied its motion to dismiss. But LIPT has not provided anything to nudge this accusation of forum shopping from mere conjecture to more-likely-than-not. Indeed, having reviewed the state court's ruling on Miller Nash's motion to dismiss, I find nothing clearly erroneous in the legal reasoning, and therefore that ruling is the law of the case and will continue to apply post-removal (thus, Miller Nash gains no strategic advantage by removing the case from sate court). Having found no evidence of forum shopping, this factor favors retention.

C.     Neutral or Inapplicable Factors

The following four factors are neutral or do not apply.

Extent to which state law predominates over bankruptcy issues. This factor is neutral because this proceeding depends on resolving issues of both state law (the doctrine of de facto merger) and bankruptcy law (the applicability of the § 502(b)(6) cap). Neither issue predominates over the other.

Related proceeding commenced in state court. Although there is a pending action in state court (*Pioneer Office, LLC v. Marger Johnson & McCollom, PC*, Mult. Co. Cir. Ct. Case No. 19CV02682 (*see* Ntc. of Removal ¶ 2)), that action is stayed and is effectively moot because the issues in that proceeding will be decided as part of the claims objection process in this chapter 7 case. Accordingly, there is nothing for the state court to do in the related proceeding, and therefore this factor is neutral.

Substance (not form) of core proceeding. This factor is inapplicable because the claims subject to the Motion are non-core. *Peak Web*, 559 B.R. at 743.

Possibility of prejudice to other parties. This factor is neutral because neither remand nor retention would prejudice any party:

### III.  Conclusion

Having reviewed the relevant factors, I conclude that this proceeding should not be remanded to state court. Without discounting the unsettled nature of the state-law claims at issue, this dispute is deeply intertwined in Debtor's bankruptcy case and retention of this adversary proceeding seems to provide the most efficient path for adjudication of the dispute. I

will therefore deny Debtor's Motion.  Counsel for Miller Nash should submit a proposed order within fourteen days of this opinion.

###

cc:    Paul C. Southwick
       Garrett S. Ledgerwood
       Brent G. Summers